IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISIPPI
NORTHERN DIVISION

**JEMUEL GATES**                                                                             **PLAINTIFF**

**VS.**                                                                                      **CAUSE NO. 3:19cv830**

**YUM! BRANDS, INC., JJB PIZZA, LLC,
STANDARD ENTERPRISES**                                                   **DEFENDANTS**

**AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, Defendant Standard Enterprises, Inc. (hereinafter "SEI"), incorrectly named as Standard Enterprises, subject to a reservation of its rights and defenses, hereby removes this civil action from the Circuit Court of the First Judicial District of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division. In support hereof, Standard Enterprises shows the following:

**Facts**

1. The above-captioned matter was filed on June 27, 2019 in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Plaintiff Jemuel Gates ("Plaintiff") brings negligence and premises liability claims against Defendants SEI, Yum! Brands, Inc., and his employer, JJB Pizza, LLC. *See generally* Complaint, attached as Exhibit A.[1]

2. As background, on July 19, 2018, Plaintiff alleges he was assaulted and robbed while making a pizza delivery to an apartment complex owned and managed by SEI. *See* Complaint at ¶ 18. At the time, Plaintiff was working as a delivery man for a Pizza Hut franchise at 2106 Raymond Road in Jackson, Mississippi leased by JJB Pizza. *See* Complaint at ¶¶ 5-8. Plaintiff

---

[1] The copy of the State Court Record is being filed as soon as available pursuant to 28 U.S.C. § 1446(a) and Rule 5(b) of the Rules for the United States District Courts for the Northern and Southern Districts of Mississippi.

alleges damages "in excess of $50,000.00 plus court costs and attorney's fees." *See* Complaint at p. 4.

3. In the Complaint, Plaintiff also named as defendants Yum! Brands, Inc., the indirect corporate parent of the franchisor of Pizza Huts, and JJB Pizza, LLC, Plaintiff's employer and franchisee of the Pizza Hut at 2106 Raymond Road. *See* Complaint at ¶¶ 2, 4-7.

4. SEI was served with this Complaint on or about October 25, 2019.

5. This removal is timely as less than thirty (30) days have elapsed since SEI was served with process in this matter.

## **Jurisdiction and Venue**

6. This Court has jurisdiction over this matter, and this matter is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7. Complete diversity of citizenship exists. *See* 28 U.S.C. § 1332 and 1446. The citizenship of the diverse parties is as follows:

a. Plaintiff Jemuel Gates is a citizen of Mississippi. *See* Complaint at ¶ 1.

b. Defendant Yum! Brands, Inc. is a North Carolina corporation with its principal place of business in Frankfurt, Kentucky. *See* Complaint at ¶ 2a. It is, therefore, a citizen of North Carolina and Kentucky.

c. SEI is a Louisiana corporation with its principal place of business in Monroe, Louisiana. *See* Complaint at ¶ 2c. It is, therefore, a citizen of Louisiana.

8. Defendant JJB Pizza, LLC is a Mississippi corporation with its principal place of business in Jackson, Mississippi and, on information and belief, has at least one member who is a Mississippi citizen. Therefore, it is a citizen of Mississippi for diversity purposes. But, Plaintiff has fraudulently joined JJB Pizza, LLC. "If there is no arguably reasonable basis for predicting

that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent." *Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 286 (5th Cir. 2000) (quoting *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979)).

9. Here, JJB Pizza, LLC, Plaintiff's employer, was fraudulently joined because "there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged." Plaintiff's exclusive remedy against his employer is the Mississippi Workers' Compensation Act; therefore, Plaintiff has no possibility of recovering against JJB Pizza, LLC for an injury sustained in the scope of his employment. *See Frye v. Airco, Inc.*, 269 F. Supp. 2d 743, 746 (S.D. Miss. 2003) (fraudulent joinder removal upheld based on workers' compensation exclusivity as to diversity destroying defendant); *see also Barahona Rodriguez v. Kivett's Inc.*, No. 3:05 CV 738 WHB JCS, 2006 WL 2645190, at *6 (S.D. Miss. Sept. 12, 2006) (co-employee was fraudulently joined because he was immune from liability under Workers' Compensation Act); *see also Blailock v. O'Bannon,* 795 So.2d 533, 537 (Miss. 2001) (absent employer's actual intent to injure an employee, injury is covered and exclusive remedy applies).

10. The amount-in-controversy in this matter exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332 and 1446. Removal is proper if it is *facially apparent* from the complaint that the claims are likely to be above $75,000. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) (citation omitted). When a plaintiff does not plead a specific amount of damages, the Fifth Circuit has held that "common sense" can make it "facially apparent" a plaintiff seeks more than $75,000. *Id.* at 1336. Under the "common sense" test in *Allen*, courts analyze factors such as the number of (corporate) defendants, the number of plaintiffs, and the type of

harm(s) alleged. *Id.* Courts analyzing these factors can determine whether the amount in controversy will more likely than not exceed $75,000. *Id.*

11. Here, Plaintiff alleges damages "in excess of $50,000.00 plus court costs and attorney's fees." *See* Complaint at p. 4. It is facially apparent that the damages claim surpasses the jurisdictional threshold based on the *Allen* "common sense" test. This case involves multiple defendants and allegations of physical assault, medical expenses, disruption of enjoyment of life, and stolen property (a vehicle).

12. Plaintiffs have been awarded sums significantly in excess of the jurisdictional limit in several factually similar premises liability cases in Mississippi state courts. *See* Jury Verdict Reports, collectively attached as Exhibit B. Therefore, it is facially apparent that Plaintiff's claim meets the jurisdictional threshold. *See Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 708-712 (S.D. Miss. 2004) (court applied "common sense" test to determine that it was "facially apparent" that the jurisdictional threshold was met as to uphold removal).

13. To the extent it is not "facially apparent" that the amount-in-controversy here exceeds $75,000, the above-mentioned verdicts taken with the allegations in the complaint are sufficient evidence to establish the requisite amount-in-controversy. *See Randle*, at 710 (Where not facially apparent "the needed facts could be set forth by the presentation of factually similar Mississippi cases in which plaintiffs were awarded sums in excess of federal jurisdictional limits.")(citing *Beichler v. Citigroup, Inc.*, 241 F. Supp 2d 696, 701 (S.D. Miss. 2003) and *Smith v. Associates Capital Bank*, 1999 WL 33537131 at *6 (N.D. Miss. Dec. 6, 1999)); *see also* Exhibit B.

14. All defendants have consented to this removal. *See* 28 U.S.C. § 1446(b). *See* E-mail with Counsel, attached as Exhibit C. Yum! Brands will file a pleading evidencing its consent once this Notice of Removal is filed.

15. The United States District Court for the Southern District of Mississippi, Northern Division, is the court and division embracing the place where this action is pending in state court.

16. Contemporaneously with the filing of this notice of removal, Defendant is filing a copy of same with the clerk of the Circuit Court of the First Judicial District of Hinds County, in accordance with 28 U.S.C. § 1446(d).

17. A copy of all process, pleadings and orders served on Defendant and/or filed in the Circuit Court, are within the State Court Record, which is being filed contemporaneously with this Notice and identified as Exhibit D.

### **Prayer**

Defendant Standard Enterprises requests that this Court proceed with the handling of this case as if it had been originally filed herein.

Respectfully submitted the 18th day of November, 2019.

                                              **STANDARD ENTERPRISES**

                              By:   */s/ T. Peyton Smith*_____
                                      T. Peyton Smith, MSB #103867
                                      Julian D. Miller, MSB #104377

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
peyton.smith@formanwatkins.com
julian.miller@formanwatkins.com

*Counsel for Standard Enterprises, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing pleading via the Court's electronic filing system on the following:

>Jared K. Tomlinson
>Coon, Tomlinson, and Burns, PLLC
>109 Executive Drive, Suite 3
>Madison, MS 39110
> (T) 601-351-5351
>(e) jaredktomlinson@gmail.com
>
>*Counsel for Plaintiff*
>
>Abbey Adcock Reeves
>Daniel Coker Horton & Bell
>4400 Old Canton Road, Ste. 400
>Jackson, MS 39215
>(T) 601-969-7607
>(F) 601-969-1116
>(e) areeves@danielcoker.com
>
>Jason H. Strong
>Daniel Coker Horton & Bell
>4400 Old Canton Road, Ste. 400
>Jackson, MS 39215
>(T) 601-969-7607
>(F) 601-969-1116
>Jstrong@danielcoker.com
>
>*Counsel for Defenant YUM! Brands, Inc.*
>
>Roger C. Riddick
>McAngus Goudelock and Courie, LLC
>Post Office Box 2955
>Ridgeland, MS 39158
>(T) 601-427-7512
>(F) 601-510-9525
>r.riddick@mcgclaw.com
>
>*Counsel for JJB Pizza, LLC*

This the 18th day of November, 2019.

            */s/ T. Peyton Smith*_____
            T. Peyton Smith