UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEMUEL GATES                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:19-CV-830-DPJ-FKB

YUM! BRANDS, INC., JJB PIZZA, LLC,
AND STANDARD ENTERPRISES, INC.                                                   DEFENDANTS

ORDER

This negligence action is before the Court on motion [10] of Defendant Standard Enterprises, Inc. (SEI) to dismiss Defendant JJB Pizza, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Jemuel Gates has not responded. Having considered the motion, the procedural history of the case, and the relevant authority, the Court finds SEI's motion to dismiss JJB Pizza [10] should be granted.

I.      Facts and Procedural History

Gates worked as a pizza-delivery driver for the Pizza Hut located on Raymond Road in Jackson, Mississippi. On July 19, 2018, he was "attacked, held at gun point, and beaten" while delivering pizza to an apartment complex that he contends was on the "no delivery" list due to safety concerns. State Ct. R. [1-4] at 8 (Compl.). Gates filed this lawsuit in state court against Yum! Brands, Inc., which he contends owns Pizza Hut; JJB Pizza, LLC, the owner of the local Pizza Hut franchise; and SEI, the owner and manager of the apartment complex. *Id.* at 7. He advances negligence claims against all Defendants. *Id.* at 8–9.

On November 15, 2019, SEI removed the case to federal court, citing diversity jurisdiction. SEI explains that it is a Louisiana corporation; Yum! Brands is a Tennessee corporation; Gates is a citizen of Mississippi; and JJB Pizza, a Mississippi corporation, is improperly joined. Notice [1] at 2. SEI reasons that because JJB Pizza is Gates's employer, his

exclusive remedy against it is the Mississippi Workers' Compensation Act (MWCA or "the Act"). *Id.* at 3. He therefore "has no possibility of recovering against JJB Pizza, LLC for an injury sustained in the scope of his employment." *Id.* To date, Gates has not moved to remand the case to state court.

Based on that exclusive-remedy argument, SEI now moves to dismiss JJB Pizza for failure to state a claim. Gates has not responded, and the time to do so has passed.

II. Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

III. Analysis

SEI says Gates's exclusive remedy for negligence claims against JJB Pizza is under the MWCA. Miss. Code Ann. § 71-3-9 ("The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . on account of

such injury or death . . . ."). The Act defines an "injury" as an "accidental injury or accidental death arising out of and in the course of employment without regard to fault" and "includes an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job." *Id.* § 71-3-3(b). SEI maintains Gates's injury is compensable under the MWCA because he was assaulted by a third party while delivering pizza in the course and scope of his employment. The Court agrees.[1]

IV.    Conclusion

For the reasons stated, SEI's motion to dismiss Defendant JJB Pizza [10] is granted. The claims against JJB Pizza are dismissed.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] SEI also notes that for a tort claim to fall outside the MWCA, "a plaintiff must allege that the actions of the employer went beyond negligence, gross negligence, or recklessness" and "prove that the employer acted with an actual intent to injure the employee." *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013). Gates's allegations do not suggest JJB Pizza intended to injure him.